HANSBURY CONSTRUCTION COMPANY, RELATOR, v. JEFFERSON D. MILLER, BUILDING INSPECTOR, ET AL., RESPONDENTS.

Submitted May 13, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Alexander M. Goldfinger.*

For the respondents, *Whittemore & McLean.*

PER CURIAM.

This is a zoning case. It is before this court on a rule to show cause why a peremptory or alternative writ of *mandamus* should not be issued out of this court directing the building inspector and the township of Hillside, in the county of Union, to grant to the relator a building permit. The relator is the owner of a tract of land at the corner of Grumman avenue and Compton Place, in the township of Hillside. It desires to erect thereon a two-story building, containing

three stores and two apartments. It made application for a building permit to the building inspector and submitted plans and specifications as required by the building code of the township. The building inspector notified the relator that he would not issue the said permit. The reason assigned by him was that by the zoning ordinance of the township the erection of the building which the relator proposed to erect was forbidden. The record does not disclose in what manner the lands of the relator are zoned. There is, however, a stipulation contained in the record that the building inspector would not issue the permit, giving as his reason therefor that the zoning ordinance forbade the erection of the building upon the premises which the relator owned. This is tantamount to a stipulation that the property was zoned against stores and apartments. It does not appear in the record that there is a board of adjustment in the said township. The relator then applied for and obtained the rule to show cause hereinbefore referred to.

In the recent case of Koplin *v.* Village of South Orange et al., the constitutional amendment with reference to zoning, which was approved and ratified by the voters of this state on September 20th, 1927, and took effect on October 18th, 1927, and the statute enacted by the legislature pursuant to the power conferred by the constitutional amendment known as chapter 274 of the laws of 1928, were considered. A reference to this case will give fully the reasons for the decision which we have arrived at in the present case, which is to the effect that the rule to show cause should be discharged. The power to issue a writ of *mandamus* is a discretionary one. We feel it would be an abuse of power for this court to direct a municipality to grant a permit for the erection of a building, the existence of which, if erected, has already been declared by legal authority to be improper for the safety of the community.

If the relators desire to review the action of this court they are hereby given permission to enter a rule allowing and directing the molding of the pleadings to that end.

The rule to show cause is discharged and the writ of *mandamus* denied accordingly.